IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY BUCHANAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 14-0105-WS-C |
| | ) | |
| HEATHER SKINNER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter comes before the Court on plaintiff's "Motion for Leave to File Amended Pleading or to Amend Pleading" (doc. 20). Defendants have submitted an Opposition (doc. 22), and the Motion is now ripe.

**I.  Background.**

Plaintiff, Timothy Buchanan, by and through counsel, commenced this action on March 7, 2014 by filing a Complaint (doc. 1) against defendants, Heather Skinner and Mark Buchanan. The well-pleaded factual allegations of the Complaint reflect that Timothy Buchanan and Mark Buchanan are both named trustees, as well as beneficiaries and "interest persons," with respect to the Clifton Buchanan Family Trust, but that defendant Skinner is not.

According to the Complaint, pursuant to the Trust documents executed by Clifton Thomas Buchanan on October 21, 1996, Skinner is not included as "Issue" and is therefore not entitled to Trust benefits. The Complaint further alleges in Count I (Violation of Fiduciary Relation) that Skinner and Mark Buchanan "have repeatedly violated the terms of the trust by taking trust funds without a majority vote of the successor trustees for their personal use." (Doc. 1, ¶ 16.) Count II (Breach of Trust Terms) alleges that Mark Buchanan breached the trust in various enumerated respects, including "failing to give notice, failing to adequately account and report, breaching the duty of loyalty and impartiality, making inequitable distributions target [*sic*] to harm specific beneficiaries, engaging in self-interest and self dealing, abandoning duties to others." (*Id.*, ¶ 18.) In Count III (Declaratory and Injunctive Relief), plaintiff asks that control

of all Trust property "be declared to reside with the procession of Plaintiff" and that the Court declare plaintiff to be "entitled to relief for losses to the" Trust. (*Id.*, ¶ 20.) Finally, in Count IV (Equitable Relief and Imposition of Constructive Trust), plaintiff requests that defendants be barred "from proceeding and continuing in their actions," that a constructive trust be established "to recover the losses to the trust," and that defendants be required "to pay all sums to make Plaintiff and the trust and estates whole." (*Id.*, ¶ 22.)

For their part, defendants filed an Amended Answer and Counterclaim (doc. 12) on June 3, 2014. In their pleading, defendants insist that the applicable Trust Agreement presently in force is dated January 6, 2000, and is thus a later iteration of the Clifton Buchanan Family Trust document than the one on which plaintiff relies. According to the Amended Answer, defendants have not breached the terms of the 2000 Trust Agreement. As Counterclaims, defendants bring a claim for sanctions against plaintiff for "filing the present action without substantial justification" (doc. 12, at 4) and also a claim seeking a declaration that Timothy Buchanan and his issue are barred from any Trust benefits because of plaintiff's action in bringing this lawsuit and a specific Trust provision purportedly mandating that outcome (*id.* at 4-5).

Against that pleadings backdrop, Timothy Buchanan has filed a Motion for Leave to File Amended Pleading, with a proposed Amended Complaint attached as an exhibit.[1] Review of the proposed Amended Complaint reveals the following proposed modifications (among others) to the original pleading: (i) Mathew Buchanan would be named as an additional party plaintiff, (ii) Morgan Stanley Inc. and Dan A. Waller II would be named as additional party defendants, (iii) minor changes would be made to factual allegations (such as a statement that plaintiffs were "disappointed" to learn that Skinner and Mark Buchanan were receiving unauthorized trust revenues), (iv) new allegations would be included in Count I that Mark Buchanan "assumed the position and authority as trustee" of the Trust, and (v) new allegations would be added to Count II, such as that Mark Buchanan had acted with "bad faith and reckless indifference to the interest of Plaintiffs." (*See* doc. 20-1.)

---

[1] Plaintiff timely filed these materials. The applicable Rule 16(b) Scheduling Order fixed a deadline of October 15, 2014 for motions for leave to amend pleadings or join other parties. (Doc. 16, ¶ 5.) Plaintiff's Motion was filed on September 19, 2014; therefore, it complies with the terms of the Scheduling Order.

**II.    Analysis.**

Unhelpfully, the parties' filings do not address, or even mention, the legal standard that applies to motions for leave to amend pleadings. Be that as it may, the Motion is governed by Rule 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a)(2), Fed.R.Civ.P. "The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *In re Engle Cases*, --- F.3d ----, 2014 WL 4435893, *19 (11th Cir. Sept. 10, 2014) (citation and internal quotation marks omitted).

"Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013) (citation omitted); *see also Andrx Pharmaceuticals, Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236 (11th Cir. 2005) ("Leave may be denied because of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.") (citation and internal quotation marks omitted). In light of the relaxed Rule 15(a) standard, however, "[d]istrict courts have limited discretion in denying leave to amend, and should grant a motion to amend unless there are substantial reasons to deny it." *Bowers v. U.S. Parole Com'n, Warden*, 760 F.3d 1177, 1184 (11th Cir. 2014) (citation and internal marks omitted).

In their Opposition, defendants state that they object to the proposed amendment because defendants believe plaintiff's proposed new claims, like the previously asserted claims in the original Complaint, are barred by the 2000 iteration of the Trust Agreement. Defendant posits that "[a]ll his claims are based on the 1996 trust," but that "the 2000 trust renders plaintiff's claims moot and without merit." (Doc. 22, at 2.) Quite simply, defendant's position is that "[p]laintiff's entire case … is based upon the notion that the 1996 revocable trust is still in force – this, in the face of the plain fact that it was superseded by the 2000 trust." (*Id.* at 3.) Because defendants contend that all of plaintiff's claims (both the pre-existing claims and the proposed new claims) are "based … on a voided trust" (*id.*), they oppose the amendment.

Although defendants do not explicitly invoke this principle, leave to amend under Rule 15(a) may be denied where the proposed amendment is futile. *See Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004) ("a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile"). To be properly rejected on futility grounds, a proposed amendment must be so lacking in merit that the complaint as amended "would necessarily fail." *Florida Evergreen Foliage v. E.I DuPont De Nemours and Co.*, 470 F.3d 1036, 1040 (11th Cir. 2006) (citation omitted); *see also Cockrell v. Sparks*, 510 F.3d 1307 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

As postured, defendants' Opposition essentially requests summary judgment on the entire action in the guise of denial of a requested amendment. To date, no summary judgment motion has been filed or briefed. From the fragmentary arguments and evidence submitted at present, the Court cannot definitively determine as a matter of law whether the 2000 iteration of the Trust Agreement is valid, whether the 2000 agreement supersedes the 1996 version, or whether plaintiff's claims would have any remaining vitality if such were the case. Defendants characterize the 1996 Trust document as void, and say that the 2000 version of the Trust document renders plaintiff's claims moot, but do not explain how or why that is so. Without more, the Court cannot make a determination at this stage that the complaint as amended "would necessarily fail," so as to warrant denial of the motion for leave to amend on futility grounds.[2]

## III. Conclusion.

In light of the timely nature of plaintiff's Motion, the absence of any indication that the amendment is being offered for an improper purpose or that it will unfairly prejudice any party, the liberal standard set forth in Rule 15(a)(2), and defendants' failure to show that the proposed

---

[2] To be clear, the Court is not expressing any opinion as to the apparent "ultimate issue" of whether the 2000 agreement moots plaintiff's claims. Rather, the Court is simply stating that this ultimate issue cannot fairly be evaluated on the basis of the arguments and evidence now before it. At an appropriate time, this issue may gain the necessary clarity and sharpness from development via dispositive motion briefing. Until then, the Court has little other than defendants' *ipse dixit* to support their contention that both the Complaint and Amended Complaint fail to state actionable claims because they are predicated on a superseded trust document. That is not enough to deny amendment under the liberal Rule 15(a)(2) standard.

amended pleading would necessarily fail, the Court **grants** the Motion for Leave to File Amended Pleading (doc. 20).³ Pursuant to Section II.A.6. of this District Court's Administrative Procedure for Filing, Signing and Verifying Documents by Electronic Means, plaintiff is **ordered**, on or before **October 17, 2014**, to file as a freestanding pleading his Amended Complaint in substantially the same form as the proposed amended pleading appended to his Motion as an exhibit. Plaintiff is further **ordered** to act promptly to complete service of process on the new defendants, Morgan Stanley and Dan A. Waller II, so as to avoid unnecessary delays in the prosecution of this matter.

DONE and ORDERED this 10th day of October, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

³ In so finding, the Court limits its analysis to the objections actually raised by defendants; therefore, the undersigned has not examined, and will not *sua sponte* examine, whether the proposed amendment passes muster under a *Twombly / Iqbal* analysis as to the newly added litigants.