# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY BUCHANAN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0105-WS-C |
| | ) |
| HEATHER SKINNER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on plaintiffs' latest "Amended Petition to Determine Validity of Purported Trust and Appointment of Successor Trustee" (doc. 28), filed on October 21, 2014.

On October 10, 2014, this Court entered an Order (doc. 25) granting plaintiff's Motion for Leave to File Amended Pleading (doc. 20) pursuant to Rule 15(a)(2), Fed.R.Civ.P. Among the salient modifications that plaintiff, Timothy Buchanan, sought to make to his Complaint via the proposed amendment were the addition of two new defendants, Morgan Stanley Inc. and Dan A. Waller II. The October 10 Order concluded by directing plaintiff "on or before **October 17, 2014**, to file as a freestanding pleading his Amended Complaint in substantially the same form as the proposed amended pleading appended to his Motion as an exhibit." (Doc. 25, at 5.) Plaintiffs (now consisting of Timothy Buchanan and Mathew Buchanan) complied by filing their "Amended Petition" on October 17, 2014 (*see* doc. 27); however, plaintiffs' counsel failed to attach his electronic signature to that Amended Petition, thereby violating Rule 11(a).

Inexplicably, and without advance permission from the Court, plaintiffs filed another iteration of their "Amended Petition" (doc. 28) on October 21, 2014, this one making substantive changes to the version of the pleading they had requested and obtained leave of court to file via the October 10 Order. Most notably, this version of the Amended Petition purports to omit as party defendants Morgan Stanley and Dan A. Waller II, the very defendants whom Timothy Buchanan had requested and received leave to add via the October 10 Order. The result is

unnecessary confusion as to the status of Morgan Stanley and Waller, all because plaintiffs filed a substantively new version of their Complaint without explanation, much less the prior leave of Court required by Rule 15(a)(2).

This is not how it works in federal court.  Plaintiffs are not permitted to file new versions of their pleadings willy-nilly, thereby forcing the Court and opposing parties to guess which version of their Complaint they intend to pursue, which persons or entities they intend to name as defendants, and so on.  The October 10 Order did not confer upon plaintiffs unfettered license to file whatever pleading they wanted whenever they wanted to file it.  If plaintiffs wished to submit a pleading that diverged from the specific form of document appended to their Motion as an exhibit (*see* doc. 20), they were required to obtain prior leave of court.  Again, the October 10 Order was clear that plaintiffs were authorized to file the "Amended Complaint in substantially the same form as the proposed amended pleading appended to his Motion as an exhibit," with such Amended Complaint to be filed by October 17, 2014.  The October 10 Order did not authorize plaintiffs to file a completely different iteration of their Complaint on October 21.

For all of these reasons, the version of the "Amended Petition" filed on October 21, 2014 and found at document 28 of the court file is **stricken** as an unauthorized pleading that is noncompliant with Rule 15(a).  If plaintiffs wish to proceed via some iteration of their pleading other than that authorized by the October 10 Order, then it is incumbent on them to file an appropriate motion pursuant to Rule 15(a).[1]  In the meantime, plaintiffs' October 17 filing remains non-compliant with Rule 11(a), Fed.R.Civ.P., because it is unsigned by plaintiffs' counsel.  Unless plaintiffs re-file the October 17 version of their Complaint on or before **October 24, 2014**, identical in all respects except for the addition of counsel's signature, that pleading will be stricken pursuant to Rule 11(a).

DONE and ORDERED this 22nd day of October, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] This Order marks the second time in three weeks the Court has stricken an improper pleading filed by plaintiff's counsel in derogation of basic principles of Rule 15. (*See* doc. 24.)  The Court expects plaintiff's counsel to read and familiarize himself with Rule 15, and to comply fully henceforth.